Staci Pratt, NV Bar 12630
pratt@aclunv.org
Allen Lichtenstein, NV Bar 3992
allenaclunv@lvcoxmail.com
Katrina Ross, NV Bar 12635
ross@aclunv.org
ACLU of Nevada
601 South Rancho Dr.
Suite B-11
Las Vegas, NV 89106

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, individually and, on behalf of a class of those similarly situated<br><br>Plaintiff,<br>v.<br><br>ELKO COUNTY, MARK TORVINEN, in his official capacity as District Attorney for Elko County<br>Defendants. | Case No.<br><br>COMPLAINT FOR NOMINAL DAMAGES AND CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**COMPLAINT**

1. John Doe had a consensual sexual relationship with another male teenager at a time when Doe was seventeen and the second teenager was sixteen. If either Doe or the other teenager had been a girl instead of a boy, their sexual relationship would have been completely legal under Nevada law. But because the two teenagers were both boys, Elko County prosecuted John Doe in juvenile court for "incit[ing], entic[ing], or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature." N.R.S. § 201.195.

2. The "crimes against nature" statute creates a double standard that treats identical conduct differently based solely on whether the sexual activity involves two persons of the same sex. Under Nevada law, sixteen is the legal age of consent to engage in "ordinary sexual intercourse, anal intercourse, cunnilingus or fellatio." N.R.S. § 200.364. The statute setting the

Complaint - 1

age of consent, N.R.S. § 200.364, makes no distinctions between heterosexual or homosexual activities.  But a separate statute that criminalizes solicitation of a minor to engage in "crimes against nature," singles out the identical conduct for severe criminal penalties when it involves two "persons of the same sex." N.R.S. § 201.195.2.  The "crimes against nature" statute thus enables prosecutors to circumvent the age of consent established by N.R.S. § 200.364 and prosecute identical conduct under N.R.S. § 201.195 if, and only if, the sexual conduct involved a same-sex couple.

   3.  Although the charges against Doe for violating N.R.S.§ 201.195 have now been dropped, Doe continues to face a realistic threat of prosecution as a result of Elko County's policy, custom, and practice of enforcing the unconstitutional "crimes against nature" statute. While he is in Elko County, Doe is free under Nevada law to form intimate relationships and engage in consensual sexual activity with partners who are sixteen or older as long as those partners are female.  If, however, Doe seeks to form an intimate relationship and engage in consensual sexual activity in Elko County with a male partner who is sixteen or seventeen years old, he faces a realistic threat of prosecution for "incit[ing], entic[ing], or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature." N.R.S. § 201.195 .1.  Even if no sexual activity actually occurs, Doe faces punishment for committing a gross misdemeanor if he communicates with a potential male partner who is sixteen or seventeen years old in a manner that could be construed as "incit[ing], entic[ing], or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature." N.R.S. §§ 201.195.1; 201.195.1.1(b)(1).  If Doe engages in such communications on two occasions, he faces a mandatory sentence of life imprisonment with the possibility of parole after 5 years. N.R.S. § 201.195.1(b)(2).  As a result of Elko County's policy of enforcing the "crimes against nature" statute, this same threat of

prosecution hangs over any gay person in Elko County who seeks to form an intimate relationship with a same-sex partner who satisfies the general age of consent but is under eighteen.

4.     The discriminatory "crimes against nature" statute violates equal protection under any standard of review.  On behalf of himself and a class of similarly situated people, Doe seeks prospective relief in the form of (a) a declaration that N.R.S. § 201.195 is unconstitutional both on its face and as applied to consensual sexual activity (and incitement, enticement, or solicitation to engage in such activity) with same-sex partners above Nevada's general age of consent and (b) a permanent injunction prohibiting Elko County from continuing to enforce the unconstitutional "crimes against nature" statute and requiring Elko County to provide adequate training to law enforcement personnel about the statute's unconstitutionality.  Doe also seeks a declaration that Defendants violated his right to equal protection by prosecuting him under the unconstitutional "crimes against nature" statute, and nominal damages for that unconstitutional prosecution.

**PARTIES**

5.     Plaintiff John Doe is a resident of Washoe County, Nevada.  He was born in April 1994.

6.     In conjunction with this Complaint, Doe has filed a motion seeking leave to proceed under use of a pseudonym.

7.     From 2007 through 2012, Doe resided in Elko County, Nevada.

8.     Doe's immediate family and several of Doe's friends still reside in Elko County. Doe continues to visit friends and family in Elko County approximately once every one or two months.

9. Defendant Elko County is a political subdivision of the State of Nevada.

10. Defendant Mark Torvinen is District Attorney for Elko County with final policymaking authority for Elko County pursuant to N.R.S. §§. 252.080 and 252.110.

## JURISDICTION AND VENUE

11. This Court has federal-question jurisdiction over Plaintiff's claims arising under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is therefore proper under 28 U.S.C. § 1331 (general federal question jurisdiction) and § 1343 (civil rights actions). This Court has jurisdiction to render the declaratory relief requested under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this district and the action arose in this district.

## FACTUAL ALLEGATIONS

**Nevada's "Crimes Against Nature" Statute**

13. Under Nevada law, the legal age of consent is sixteen. *See* N.R.S. § 200.364. Heterosexuals aged sixteen and above may consent to engage in consensual sexual activity – including fellatio, cunnilingus, and anal intercourse. However, same-sex partners engaging in identical conduct involving a sixteen or seventeen year old face criminal charges under N.R.S. § 201.195's prohibition of the "solicitation of [a] minor" to engage in "the infamous crime against nature."

14. N.R.S. § 201.195 prohibits "incit[ing], entic[ing] or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature." N.R.S. § 201.195.1. The statute defines "the infamous crime against nature" as "anal intercourse, cunnilingus or fellatio between natural persons *of the same sex*." N.R.S. § 201.195.2 (emphasis added).

Complaint  - 4

15. Even if no "crime against nature" actually occurs, N.R.S. § 201.195 punishes a single act of inciting, enticing, or soliciting a minor to engage in such conduct as a gross misdemeanor. N.R.S. § 201.195.1(b)(1). A second act of inciting, enticing, or soliciting a minor to engage in such conduct is punished as a "category A" felony with a mandatory sentence of "imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of 5 years has been served." N.R.S. § 201.195.1(b)(2).

16. If a "crime against nature" does occur, and the minor is fourteen years old or older, N.R.S. § 201.195 imposes the same penalty that applies to a second act of solicitation: "imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of 5 years has been served." N.R.S. § 201.195.1(a)(2). If a "crime against nature" occurs and the minor is under fourteen years old, then the mandatory minimum sentence before parole is increased to ten years. N.R.S. § 201.195.1(a)(1).

17. Other, generally applicable, Nevada statutes protect against sexual contact between adults and children or teenagers younger than sixteen regardless of whether the defendant is the same sex as the child.

18. Any "lewd or lascivious act" with a child below the age of fourteen – regardless of whether the victim and defendant are the same sex or different sex – is a "category A" felony that is "punished by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served, and may be further punished by a fine of not more than $10,000." N.R.S. § 201.230.2.

19. Consensual sex with a teenager between the ages of fourteen and sixteen – including "[o]rdinary sexual intercourse, anal intercourse, cunnilingus or fellatio" – is legal if the other person is under eighteen, *see* N.R.S. § 200.364.5(a): but this is punished as a gross

misdemeanor if the other person is between the ages of eighteen and twenty-one, *see* N.R.S. § 200.368.2; and punished as a "category C" felony with a minimum sentence of one year in prison and a maximum sentence of five years in prison if the other person is twenty-one years old or older, *see* N.R.S. § 200.368.1; N.R.S. § 193.130.2(c).

20. The following chart summarizes the different penalties that apply to "anal intercourse, cunnilingus or fellatio" depending on whether the participants are members of the same sex.

|  | Age of Consent Statute N.R.S. § 200.364 | Crimes Against Nature Statute Same Sex Partners N.R.S. §201.195 |
|---|---|---|
| Sex with a child younger than 14 | Life imprisonment with possibility of parole after 10 years | Life imprisonment with possibility of parole after 10 years |
| Sex between 2 teenagers who are 14, 15, 16, or 17. | Not a crime | Life imprisonment with possibility of parole after 5 years (if juvenile is tried as an adult) |
| Sex involving a teenager who is 14 or 15 and an adult who is 18, 19, or 20 | Gross misdemeanor | Life imprisonment with possibility of parole after 5 years |
| Sex involving a teenager who is 14 or 15 and an adult over the age of 21 | Prison sentence of 1-5 years | Life imprisonment with possibility of parole after 5 years |
| Sex between a 16-year-old and a person over 18 | Not a crime | Life imprisonment with possibility of parole after 5 years |

**Prosecution of John Doe**

21. In February 2012, Detective Kevin McKinney of the Elko County Sheriff's Department began investigating alleged "inappropriate sexual acts" between Doe and another

male teenager, Minor One. The alleged conduct occurred two years earlier, in 2010, at a time when Doe was sixteen and Minor One was fourteen.

22. As part of that investigation, Detective McKinney learned that Doe had a consensual sexual relationship in 2011 with a second male teenager, Minor Two, when Doe was seventeen and Minor Two was sixteen. Attached as Exhibit A is a redacted copy of the report completed by Detective McKinney after interviewing Minor Two, in which he notes that Minor Two repeatedly told him that the sexual relationship was consensual.

23. On March 19, 2012, Defendant Mark Torvinen, acting in his official capacity as Elko County District Attorney, personally drafted and signed a juvenile delinquency petition filed in the Juvenile Division of the Fourth Judicial District Court of the State of Nevada in and for the County of Elko charging Doe with committing delinquent acts with Minor One and Minor Two, in purported violation of Nevada's criminal statutes. A redacted copy of the delinquency petition is attached as Exhibit B.[1]

24. By personally drafting and signing the delinquency petition filed against Doe, District Attorney Torvinen departed from his usual practice of delegating juvenile delinquency petitions to a Deputy District Attorney.

25. Count 11 alleged that Doe violated N.R.S. § 201.195 by engaging in consensual oral sex with Minor Two. The delinquency petition alleged: "The Child [i.e. Doe], who is the same gender as Minor Two, solicited Minor Two to allow him (said Child) to perform an act of fellatio upon the said Minor Two, which Minor Two allowed said Child to do (see NRS [§] 201.195.1[a])."

---

[1] References to the charges related to Minor One have been redacted. Although many of the counts related to Minor One were legally flawed and, in some instances, unconstitutional, those counts are not the subject of this lawsuit.

Complaint  - 7

   a.   The petition included a declaration from Detective McKinney alleging the following conduct between Doe and Minor Two:

   b.   "That during the summer of 2011, both [Doe] and Minor Two participated in a school function which involved camping in Lamoille Canyon";

   c.   "That during that function [Doe] tent-camped with Minor Two in Lamoille Canyon during the school function";

   d.   "That one evening during this function, [Doe] in the tent in which he and Minor Two were occupying during this school function performed fellatio upon the penis of Minor Two."

The declaration did not include any other allegations regarding the conduct between Doe and Minor Two.

26. On November 5, 2012, pursuant to an oral plea agreement, Elko County filed an amended petition charging Doe with a single count of "disorderly conduct" based solely on allegations concerning Minor One. A redacted copy of the amended petition is attached at Exhibit C.

27. Unlike the original petition, which was personally signed by District Attorney Torvinen, the amended petition was signed by a Deputy District Attorney.

28. The amended petition alleged: "That the child above-named did maliciously and willfully disturb the peace and quiet of a neighborhood and/or a person described as follows: Minor One, by making statements and sending messages to annoy Minor One, by lying about his personal circumstances, and by threatening to commit suicide." The amended petition did not include any allegations based on Doe's interactions with Minor Two.

29. On December 12, 2012, Doe pled no contest to this single charge in the amended petition and was sentenced to community service. A copy of Doe's disposition order is attached as Exhibit D.

**Threat of Future Prosecution**

30. Through a final policymaker, District Attorney Torvinen, Elko County has established a policy, custom, or practice of enforcing N.R.S. § 201.195.

31. Doe, who is now eighteen-years old, is a gay man who seeks to engage in consensual intimate relationships with partners who are above the age of consent under Nevada law.

32. Doe has friends and family in Elko County and visits Elko County approximately once every one or two months.

33. While he is in Elko County, Doe is free under Nevada law to form intimate relationships and engage in consensual sexual activity in Elko County with partners who are sixteen years old or older – as long as those partners are female.

34. If, however, Doe seeks to form an intimate relationship and engage in consensual sexual activity in Elko County with a male partner who is sixteen or seventeen years old, he faces a realistic threat of prosecution for "incit[ing], entic[ing], or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature." N.R.S. § 201.195 .1.

35. If Doe engages in consensual sexual activity with a male partner in Elko County who is sixteen or seventeen, he faces a mandatory sentence of life imprisonment with the possibility of parole after five years.

36. Even if no sexual activity actually occurs, Doe faces punishment for committing a gross misdemeanor if he communicates with a potential male partner in Elko County who is

sixteen or seventeen in a manner that could be construed as "incit[ing], entic[ing], or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature." N.R.S. §§ 201.195.1; 201.195.1.1(b)(1)  If Doe engages in such communications on two occasions, he faces a mandatory sentence of life imprisonment with the possibility of parole after 5 years. N.R.S. § 201.195.1(b)(2).

**Class Action Allegations**

37.     Plaintiff is a member of a proposed class of people who wish to engage in consensual sexual activity in Elko County with same-sex partners who are above Nevada's legal age of consent but under eighteen.

38.     Elko County has a policy and practice of enforcing N.R.S. § 201.195 to criminalize intimate sexual conduct between members of the same sex even when the identical sexual conduct would be legal if engaged in by heterosexual couples.

39.     There are questions of law and fact that are common to the Class, including, but not limited to, whether N.R.S. § 201.195 is unconstitutional on its face and as applied to the Class because it treats identical sexual conduct differently based on whether the couple engaging in the conduct are members of the same sex.

40.     Plaintiff's claim that N.R.S. § 201.195 is unconstitutional on its face and as applied to him is typical of the claims of the Class.

41.     As someone who has suffered past injury and faces a realistic threat of prosecution in the future as a result of Defendant's policy and practice of enforcing N.R.S. § 201.195, Plaintiff will fairly and adequately protect the interests of the Class.

42.     Defendant's policy and practice of enforcing N.R.S. § 201.195 causes Defendant and its employees and agents to act on grounds generally applicable to the Class, thereby

making it appropriate for this Court to grant injunctive relief and any corresponding declaratory relief to the Class as a whole pursuant to Federal Rule of Civil Procedure 23(b)(2).

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
Civil Action for Damages and Declaratory Relief
Pursuant to 42 U.S.C. § 1983
(On behalf of Doe)

43. Plaintiff reincorporates the allegations of paragraphs 1-43 as this paragraph 44.

44. N.R.S. § 201.195 criminalizes intimate sexual conduct based on whether the people engaging in the conduct are members of the same sex.

45. On March 19, 2012, Defendant Mark Torvinen, acting in his official capacity as Elko County District Attorney, personally drafted and signed a juvenile delinquency petition filed in the Juvenile Division of the Fourth Judicial District Court of the State of Nevada in and for the County of Elko charging Doe with violating N.R.S. § 201.195.

46. The juvenile petition alleged that Doe violated N.R.S. § 201.195 by engaging in oral sex with a member of the same sex at a time when Doe was seventeen and the other teenager was sixteen.

47. If Doe had engaged in identical conduct with a member of a different sex, then his conduct could not have been a crime under N.R.S. § 201.195 or any other statute.

48. Because District Attorney Torvinen has final policymaking authority for Elko County, his decision to file charges against Doe for violating N.R.S. § 201.195 constitutes a policy, custom, or practice of the municipality.

49. N.R.S. § 201.195 is unconstitutional as applied to the consensual sexual activities between Doe and Minor Two.

50. N.R.S. § 201.195 is also facially unconstitutional in all its applications because it classifies and imposes disparate treatment based on sex and sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment.

51. By charging him with violating N.R.S. § 201.195, Defendants violated Doe's right to equal protection under the Fourteenth Amendment.

**SECOND CAUSE OF ACTION**
Civil Action for Declaratory and Injunctive Relief
Pursuant to 42 U.S.C. § 1983
(On behalf of Doe and the Class)

52. Plaintiff reincorporates the allegations of paragraphs 1-51 as this paragraph 52.

53. N.R.S. § 201.195 criminalizes intimate sexual conduct based on whether the people engaging in the conduct are members of the same sex.

54. Plaintiff and the Class seek to engage in intimate sexual conduct with members of the same sex that would be legal under Nevada's age of consent but is criminalized by N.R.S. § 201.195.

55. Elko County has a policy, custom, or practice of enforcing N.R.S. § 201.195.

56. Because of Elko County's policy, custom, or practice of enforcing N.R.S. § 201.195, Doe and other people who wish to engage in consensual sexual activity in Elko County with members of the same sex who are above the age of consent but under the age of eighteen face a realistic threat of being arrested, charged, and prosecuted for violating N.R.S. § 201.195.

57. As a result of Elko County's policy, custom, and practice of enforcing N.R.S. § 201.195, Plaintiff and members of the Class face a realistic threat of arrest and prosecution whenever they engage in consensual sexual activity in Elko County with members of the same sex who are above the legal age of consent in Nevada but under the age of eighteen.

58. N.R.S. § 201.195 also imposes a discriminatory speech restriction. As a result of Elko County's policy and practice of enforcing N.R.S. § 201.195, Plaintiff and the Class face a realistic threat of arrest and prosecution if they engage in communications in Elko County with members of the same sex who are above the legal age of consent in Nevada but under the age of eighteen whenever those communications could be construed as solicitation to engage in consensual same-sex sexual activity.

59. As a result of Elko County's policy and practice of enforcing N.R.S.§ 201.195, plaintiff and the Class are unconstitutionally chilled in Elko County from dating and forming intimate relationships with members of the same sex even though similarly situated heterosexual couples are free to form intimate relationships without any threat of prosecution.

60. N.R.S. § 201.195 is unconstitutional as applied to plaintiff and the Class

61. N.R.S. § 201.195 is also facially unconstitutional in all its applications because it classifies and imposes disparate treatment based on sex and sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment.

62. By imposing a realistic threat of prosecution on Plaintiff and the Class, Defendants are violating the Plaintiff and the Class's rights to free speech and equal protection under the First and Fourteenth Amendments.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, Plaintiff and the Class request that the Court enter judgment in their favor, and against the District, for full relief, including the following:

A. Nominal damages to Plaintiff in the amount of $1.00.

B. A declaration that N.R.S. § 201.195 is invalid in all its applications and as applied to Plaintiff and the Class.

C. A permanent injunction and other equitable relief:

    a. Prohibiting District Attorney Torvinen, Elko County, and all of its employees and agents from enforcing N.R.S. § 201.195; and

    b. Requiring Elko County to institute training and instruction to ensure that employees of the Elko County Sheriff's Department, Elko County District Attorney's Office, and any other Elko County law enforcement personnel understand that N.R.S. § 201.195 is unconstitutional;

D. Plaintiff's costs and attorneys' fees herein pursuant to 42 U.S.C. § 1988; and

E. Such other relief as the Court deems just and appropriate under the circumstances.

Dated: April 2, 2013                              Respectfully Submitted,

                                                                                     /s/ Staci Pratt

| | |
|---|---|
| Joshua A. Block* | Staci Pratt, NV Bar No. 12630 |
| Leslie Cooper* | Allen Lichentenstein, NV Bar No. 3992 |
| ACLU FOUNDATION | Katrina Ross, NV Bar No. 12635 |
| 125 Broad Street, 18th Floor | ACLU OF NEVADA FOUNDATION, INC. |
| New York, New York 10004 | 601 S. Rancho Dr., Suite B-11 |
| Telephone: (212) 549-2600 | Las Vegas, Nevada 89106 |
| Facsimile: (212) 549-2650 | Telephone: (702) 366-1536 |
| jblock@alcu.org | Facsimile: (702) 366-1331 |
| lcooper@aclu.org | pratt@aclunv.org |

* Application for admission
  *pro hac vice* to follow

Complaint - 14