Staci Pratt, NV Bar 12630
pratt@aclunv.org
Allen Lichtenstein, NV Bar 3992
allenaclunv@lvcoxmail.com
ACLU of Nevada
601 South Rancho Dr.
Suite B-11
Las Vegas, NV 89106

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, individually and, on behalf of a class of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELKO COUNTY, MARK TORVINEN, in his official capacity as District Attorney for Elko County<br><br>Defendant. | Case No.: 13-cv-00165<br><br><br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff submits the following Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

**INTRODUCTION**

Plaintiff seeks nominal damages and declaratory relief against Elko County and Elko County District Attorney Torvinen in his official capacity, for unconstitutionally prosecuting him under Nevada's now-repealed "crimes against nature" statute.[1]  In seeking to dismiss Plaintiff's Complaint, Defendants argue that (a) the claims against District Attorney Torvinen in his official

---

[1] Although Plaintiff's complaint also sought prospective injunctive and declaratory relief, after the Complaint was filed, the legislature voted to repeal N.R.S. § 201.195 on May 24, 2013, and Governor Sandoval signed a repeal of the law on May 30, 2013.  The repeal of N.R.S. § 201.195 moots Plaintiffs *prospective* claims for injunctive and declaratory relief but does not affect Plaintiff's *retrospective* claims for nominal damages and declaratory relief based on the unconstitutional prosecution.

Opposition to Defendants' Motion to Dismiss - 1

capacity are barred by absolute immunity and (b) a single constitutional violation by a final policymaker is insufficient to impose liability on the Municipality of Elko County.  Because both of these arguments contradict well-settled precedent, Defendants' Motion to Dismiss should be denied.

First, Defendants claim that the official-capacity claims against Defendant Torvinen are barred by prosecutorial immunity.  But prosecutorial immunity applies only when a plaintiff seeks to hold a defendant personally liable in his or her individual capacity. Here, plaintiff has brought claims against District Attorney Torvinen only in his official capacity as the principal District Attorney of Elko County.  As such, Defendant Torvinen cannot assert personal immunities in defense of this action.  *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)

Second, Defendant Elko County argues that the constitutional violations alleged cannot be traced to an official policy, practice or custom of Elko County and therefore cannot be maintained against the municipality under *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). However, under Nevada law, a principal district attorney is a final policymaker for the county, and a single action taken by a final policymaker in his or her official capacity sufficiently establishes a policy, practice or custom of the entity he represents to hold the municipality liable for such action.  *See Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

**STATEMENT OF FACTS**

On March 19, 2012, Defendant Mark Torvinen, acting in his official capacity as the Elko County District Attorney, personally drafted and signed a juvenile delinquency petition charging Plaintiff Doe with committing delinquent acts in purported violation of Nevada's criminal statutes. (Compl. ¶ 23). The petition alleged that Doe had sexual relationships with two minor boys when he was 16 and 17 years old.  This case concerns the prosecution of Doe for

consensual sexual conduct with one of the boys, Minor Two, at a time when Doe was 17 years old and Minor Two was 16 years old.

Because Doe and Minor Two were both boys, Elko County, through Defendant Mark Torvinen, prosecuted John Doe in juvenile court for "incit[ing], entic[ing], or solicit[ing] a minor to engage in acts which constitute the infamous crime against nature" under N.R.S. § 201.195. (Compl. ¶1).  Count 11 of the petition drafted and signed by Defendant Torvinen alleged that Doe violated N.R.S. § 201.195 by engaging in consensual oral sex with Minor Two. (Compl. ¶ 25). Specifically, the petition alleged: "The Child [i.e. Doe], who is the same gender as Minor Two, solicited Minor Two to allow him (said Child) to perform an act of fellatio upon the said Minor Two, which Minor Two allowed said Child to do (see NRS [§] 201.195.1[a])." (Compl. ¶ 25).  Had Doe and Minor Two been different genders, the alleged conduct would not have been a crime under Nevada law.

On November 5, 2012, pursuant to a plea agreement, Elko County filed an amended petition, signed by a Deputy District Attorney, charging Doe with a single count of "disorderly conduct" based solely on allegations concerning the other boy, Minor One. (Compl. ¶ 27).  The amended petition did not include any allegations based on Doe's interactions with Minor Two. (Compl. ¶ 28). On December 12, 2012, Doe pled no contest to the charge in the amended petition and was sentenced to community service. (Compl. ¶ 29).

On April 2, 2013, Plaintiff filed a complaint against Defendants under 42 U.S.C. § 1983 for violating the Plaintiff's and the Class's rights to free speech and equal protection under the First and Fourteenth Amendments and seeking a declaration that N.R.S § 201.195 is unconstitutional as applied to Plaintiff and the Class, a permanent injunction, and nominal damages for plaintiff.  On May 24, 2013, Defendants moved to dismiss Plaintiff's complaint.

After the legislature voted to repeal N.R.S. § 201.195, on May 30, 2012, Governor Sandoval signed a repeal of the law.[2]

## ARGUMENT

### I. LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, construe the pleadings in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the plaintiff. *Ass'n. for L.A. Deputy Sheriffs v. County of L.A.*, 648 F.3d 986 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1797 (2012). Plaintiffs succeed in stating a claim for relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Dismissal is only appropriate where the complaint lacks cognizable legal theories or sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

### II. DEFENDANT TORNVINEN CANNOT CLAIM ABSOLUTE IMMUNITY IN AN ACTION AGAINST HIM IN HIS OFFICIAL CAPACITY AND IS THEREFORE A PROPER DEFENDANT TO THIS ACTION.

Defendants argue that the claims against District Attorney Torvinen must be dismissed because Mr. Torvinen is protected by absolute immunity from liability for actions taken in his role as a prosecutor. But absolute immunity only applies when a government official is sued in his or her individual capacity and not in actions against the official in his or her official capacity.

---

[2] Although the repeal of N.R.S. § 201.195 moots Plaintiff's prospective claims for injunctive relief, it does not affect Plaintiff's retrospective claims for declaratory relief and nominal damages.

*Kentucky v. Graham*, 473 U.S. 159 (1985).  This action is brought against Mr. Torvinen only in his official capacity and the immunity defenses raised are not applicable.

The Supreme Court explained the basic distinction between individual capacity suits and official capacity suits in *Graham*, 473 U.S. at 166-67.  "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* At 165 (internal quotation marks and citations omitted); *see Hartmann v. Cal. Dep't. of Corr. and Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).[3]

The immunity defenses available to a particular defendant are dependent on whether the suit is a personal capacity or an official capacity suit.  "When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses," such as prosecutorial immunity.  *Graham*, 473 U.S. at 166-67 (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  But, "[i]n an official-capacity action, these defenses are unavailable." *Id.* at 167.  "[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Hafer v. Melo*, 502 U.S. 21, 25

---

[3] Even though official capacity suits against municipal officials are the functional equivalent of claims against the municipality itself, the court can exercise its discretion to maintain both actions. "Although an action brought against both the entity and the public official in his or her official capacity is redundant, the Court ultimately has discretion in deciding whether to dismiss the claims against the individual defendants." *Brown v. Montgomery County*, No. Civ.A.04-5729, 2005 WL 1283577, at *4 (E.D. Pa. May 26, 2005); *accord Chase v. City of Portsmouth,* 428 F. Supp. 2d 487, 489 (E.D. Va. 2006); *Kivanc v. Ramsey*, 407 F. Supp. 2d 270, 273 (D.D.C. 2006); *Tubbs v. Sacramento County Jail*, No. Civ.S-06-280 LKK/GGH, 2008 WL 4601501, at *2 (E.D. Cal. Oct. 15, 2008).  As several courts have explained: "Motions to dismiss pursuant to Rule 12(b)(6) test the validity of the complaint.  A claim that is redundant is not necessarily invalid." *Crighton v. Schuylkill County*, 882 F. Supp. 411, 415 (E.D. Pa. 1995); *accord Chase*, 428 F. Supp. 2d at 489; *Brown*, 2005 WL 1283577, at *4.  Even when redundant of a claim against the municipality, naming individuals in their official capacities can serve an important public purpose by "provid[ing] a certain level of public accountability" when an individual's actions cause a municipality to violate federal law. *Chase*, 428 F. Supp.2d at 490; *Tubbs*, 2008 WL 4601501, at *2.  Indeed, "[a] significant amount of case law shows government officials named in their official capacities alongside the entities for which they are associated, especially where the alleged violations of a plaintiffs' [sic] rights occurred because of specific individuals." *Chase*, 428 F. Supp. 2d at 489.

(1991); *see Graham*, 473 U.S. at 166-67; *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Owen v. City of Independence*, 445 U.S. 622, 650-51 (1980).

The cases cited by Defendants to support dismissal of the complaint as to Defendant Torvinen all examine the scope of prosecutorial immunity in actions against individuals sued in their individual capacity and are inapplicable to the instant inquiry. Plaintiff maintains this action against Defendant Torvinen in his official capacity as District Attorney for Elko County. Because Plaintiff has brought claims against District Attorney Torvinen only in his official capacity, the only available defenses to liability available to Defendant Torvinen are those available to Elko County. Defendant Torvinen cannot claim prosecutorial immunity where Plaintiff does not seek damages from him and the motion to dismiss the complaint on that ground must be denied.

### III. DEFENDANT ELKO COUNTY IS LIABLE FOR THE VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BECAUSE THE VIOLATION WAS CAUSED BY A FINAL POLICYMAKER.

Defendants argue that under *Monell*, 436 U.S. 658, Elko County cannot be liable for the prosecution of Plaintiff because the prosecution was not initiated pursuant to any policy, practice or custom of the municipality. (Defs.' Mot. to Dismiss at 8). Under controlling Ninth Circuit precedent, however, "a municipality can be liable even for an isolated constitutional violation…when the person causing the violation has final policymaking authority." *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (citing *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999)); *see also Jarvis v. City of Mesquite Police Dep't*, No. 2:09–CV–00851, 2012 WL 600804 (D. Nev. Feb. 23, 2012); *Jones v. Las Vegas Metro. Police Dep't*, No. 2:09–CV–01874, 2012 WL 934289 (D. Nev. March 19, 2012); *Nichols v. Hager*, No. 3:04–CV–0559, 2012 WL 3135861 (D. Nev. Aug. 1, 2012). For purposes of establishing municipal liability for an isolated

constitutional violation, the relevant inquiry is whether the government official causing the violation is considered a "final policymaker[] for the local government in a particular area, or on a particular issue." *McMillian v. Monroe County*, 520 U.S. 781, 785 (1997).

Under Nevada law, principal district attorneys have final policymaking authority for the local governments they represent with respect to the decision to prosecute a case. *See Webb*, 330 F.3d at 1164-65 (holding that a decision to prosecute a case by a Nevada principal or deputy district attorney constitutes a decision by a final policymaker for the purposes of holding the local government liable under § 1983); *see also Cairns v. Sheriff, Clark County*, 89 Nev. 113, 508 P.2d 1015, 1017 (1973) (per curiam) ("The matter of the prosecution of any criminal case is within the entire control of the district attorney.").

The Defendants improperly rely on *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), to argue that a single incident is not sufficient to establish municipal liability. In *Tuttle*, the Court held that a single act by a police officer without policymaking authority was not sufficient to establish that the constitutional violation stemmed from a policy, practice or custom of the entity that employed him. *Id*. The legal significance of the single act by the officer in that case was not that it was only one act but that it was not an action taken by a policymaker. *Id*. at 821 (municipal liability would not attach "without submitting proof of a single action taken by a municipal policymaker.") By contrast here, the unconstitutional action taken against Plaintiff was by Defendant Torvinen who personally drafted and signed the delinquency petition filed against the plaintiff. Defendant Torvinen as the District Attorney for Elko County is a final policymaker under Nevada law. The single action taken by him against Plaintiff, therefore, constitutes a policy, practice or custom of the County for purposes of establishing municipal liability.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss the complaint.

Dated: August 12, 2013                              Respectfully Submitted,

| | |
|---|---|
| Joshua A. Block* | /s/ Staci Pratt |
| Leslie Cooper* | Staci Pratt, NV Bar No. 12630 |
| ACLU FOUNDATION | Allen Lichtenstein, NV Bar No. 3992 |
| 125 Broad Street, 18th Fl. | ACLU OF NEVADA FOUNDATION, INC. |
| New York, New York 10004 | 601 S. Rancho Dr., Suite B-11 |
| Telephone: (212) 549-2600 | Las Vegas, Nevada 89106 |
| Facsimile: (212) 549-2650 | Telephone: (702) 366-1536 |
| jblock@alcu.org | Facsimile: (702) 366-1331 |
| lcooper@aclu.org | pratt@aclunv.org |
| | lichtenstein@aclunv.org |

\* Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2013, I caused to be served a true and correct copy of the OPPOSITION TO DEFENDANTS' MOTION TO DISMISS to all of the parties listed below via the court's CM/ECF electronic court service.

Nicholas Crosby
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145-
702-382-0711
Fax: 702-382-5816
Email: ncrosby@maclaw.com

                              /s/Tamika Shauntee
                              An Employee of the ACLU of Nevada