UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE, individually and, on behalf of a class of those similarly situated, | |
| Plaintiff, | 3:13-cv-00165-LRH-WGC |
| v. | ORDER |
| ELKO COUNTY, MARK TORVINEN, in his official capacity as District Attorney for Elko County, | |
| Defendants. | |

Before the Court is Defendants Elko County and Mark Torvinen's ("Torvinen") (collectively "Defendants") Motion to Dismiss. Doc. #11.[1] Plaintiff John Doe ("Doe") filed an Opposition (Doc. #19), to which Defendants have replied (Doc. #24).

## I.   Facts and Background

This action concerns Elko County's alleged unconstitutional prosecution of Doe in juvenile court for a violation of Nevada Revised Statute ("N.R.S.") § 201.195. In connection therewith, Doe alleges that Torvinen, acting in his official capacity as the Elko County District Attorney, personally drafted and signed a juvenile delinquency petition charging Doe with violations of Nevada's criminal statutes. Doc. #1, ¶ 23.

///

---

[1] Refers to the Court's docket number.

On April 2, 2013, Doe filed a Complaint against Defendants, seeking, among other remedies, nominal damages and declaratory relief for his alleged unconstitutional prosecution under N.R.S. § 201.195. *See* Doc. #1. Thereafter, the Nevada legislature voted to repeal N.R.S. § 201.195, and on May 30, 2013, Governor Sandoval signed a repeal of the law. *See* Doc. #19, n.1; *see also* S.B. 388, 77th Reg. Sess. (Nev. 2013). Doe concedes that the repeal of N.R.S. § 201.195 moots his *prospective* claims for injunctive and declaratory relief, but notes that the same does not affect his *retrospective* claims for the aforementioned nominal damages and declaratory relief based on his alleged unconstitutional prosecution. *See* Doc. #19, n.1.

On May 24, 2013, Defendants filed the present Motion to Dismiss arguing that (1) Torvinen is entitled to absolute prosecutorial immunity and (2) Doe failed to sufficiently allege that Elko County had a policy, practice, or custom of enforcing N.R.S. § 201.195 such that it would be subject to municipal liability under 42 U.S.C. § 1983. *See* Doc. # 11. On August 12, 2013, Doe filed an Opposition. Doc. #19. Defendants did not file a Reply.

**II.    Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to

2

draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.    Discussion**

As a preliminary matter, the Court agrees that the repeal of N.R.S. § 201.195 moots Doe's *prospective* claims for injunctive and declaratory relief, but does not affect his *retrospective* claims for nominal damages and declaratory relief based on his alleged unconstitutional prosecution. Accordingly, Doe's claim seeking a declaration that N.R.S. § 201.195 is facially unconstitutional and his claims seeking injunctive relief shall be dismissed. Additionally, Doe's claims on behalf of other persons similarly situated shall be dismissed. Doe's claim pursuant to 42 U.S.C. § 1983 seeking nominal damages for Defendants' alleged violation of his right to equal protection under the Fourteenth Amendment and his claim seeking a declaration that N.R.S. § 201.195 is unconstitutional as applied to him shall proceed before the Court.

///

### A. Absolute Prosecutorial Immunity

First, Defendants argue that the claims against District Attorney Torvinen must be dismissed because Torvinen enjoys absolute prosecutorial immunity from liability for his actions in connection with the prosecution of Doe. *See* Doc. #11, pp. 5-6. However, as Doe correctly avers, personal immunity defenses are only available when a government official is sued in his or her individual capacity, not when the official is sued in his or her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67; *see also Hartmann v. Cal. Dep't. of Corr. and Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). In contrast, "the only immunities available to [an official] in an official-capacity action are those that the governmental entity possesses." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Here, Torvinen is sued only in his official capacity as District Attorney for Elko County. *See* Doc. #1. Accordingly, absolute prosecutorial immunity is unavailable as a defense.

However, "[b]ecause an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named." *Alfred v. Gillespie*, No. 2:13-CV-00519-JCM, 2013 WL 2096452, at *2 (D. Nev. April 18, 2013) (citing *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008)); *see also Chavez v. Las Vegas Metro. Police Dept.*, No. 2:11-CV-01445-LRH-GW, 2012 WL 1964042, at *2 (D. Nev. May 31, 2012) (citing the same). Accordingly, Doe's claims against Torvinen shall be dismissed as redundant.

### B. Failure to State a Claim for Municipal Liability

Second, Defendants argue that under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Elko County cannot be held liable under 42 U.S.C. § 1983 because the alleged constitutional violations cannot be traced to an official policy, practice, or custom of the municipality. Doc. #11, pp. 6-8. However, as Doe correctly avers, "a municipality can be liable even for an isolated constitutional violation . . . when the person causing the violation has final policy making authority." *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (citing *Christie v.*

4

*Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999)); *see also Nichols v. Hager*, No. 3:04-CV-0559-LRH-LRL, 2012 LW 3135861, at *4-5 (D. Nev. Aug. 1, 2012) (explaining that a municipality may be liable for the tortious actions of its employees under Monell if "a district employee was acting as a final policy maker"). Whether an official has final policy-making authority is an issue of law to be determined by reference to state law. *See Jett v. Dallas Indp. Sch. Dist.*, 491 U.S. 701, 737 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Nevada law designates principal district attorneys as the final policymaking authority for the local governments they represent with respect to the decision to prosecute a case. *See Webb*, 330 F.3d at 1166 (holding that district attorneys in Nevada are "final policymakers whose actions can be the acts of the municipality for the purposes of attaching liability under § 1983"); *see also Cairns v. Sheriff, Clark Cnty.*, 89 Nev. 113, 508 P.2d 1015, 1017 (1973) (per curiam) ("[t]he matter of the prosecution of any criminal case is within the entire control of the district attorney") (citing N.R.S. 252.110).

Here, contrary to Defendants' assertion, the Court finds that Doe has sufficiently alleged a claim against Elko County. Specifically, the Court finds Doe's allegations that Torvinen, acting as a final policymaker, personally drafted and signed the delinquency petition filed against him plausibly suggest municipal liability pursuant to 42 U.S.C. § 1983. *See* Doc. #1, ¶¶ 10, 48 (alleging that Torvinen has final policymaking authority for Elko County and that his decision to file charges against Doe for violating N.R.S. 201.195 constitutes a policy, custom, or practice of the municipality); *see also McKenna v. San Miguel Consol. Fire Prot. Dist.*, 10-CV-1500 H(AJB), 2010 WL 4392557, at *4-5 (S.D. Cal. Oct. 27, 2010) (dismissing 42 U.S.C. § 1983 claims against municipality where plaintiff *failed* to allege that any of the employees responsible for the conduct at issue were official policymakers). Accordingly, dismissal of Elko County for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not warranted.

///

///

///

1  IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #11) is
2 GRANTED in part and DENIED in part in accordance with this Order.
3  IT IS FURTHER ORDERED that all claims against Defendant Torvinen in his official
4 capacity shall be dismissed.
5  IT IS SO ORDERED.
6  DATED this 4th day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE